UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 06-227 (RBW) |
| ) | |
| DARNELL ANTHONY JACKSON, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Currently before the Court in this twelve-defendant case is the government's motion for exclusion of time under the Speedy Trial Act.[1] In this motion, the government asks that the time period between September 29, 2006, and March 29, 2007, be excluded from Speedy Trial Act calculations given the complexity of the case, the "vast amount of evidentiary material," and the "lengthy period of time" that will be necessary for both sides to prepare for trial. Motion at 3; see also id. (contending that "this case is sufficiently unusual and complex that a reasonable time is necessary for . . . effective preparation by both the defense and the Government"). On October 11, 2006, the Court directed any defendant opposing the government's motion to file an opposition by October 20, 2006. None have done so. After carefully reviewing the government's motion and the facts of this case, the Court concludes that "the case is so unusual

---

[1] The Speedy Trial Act requires that a defendant be brought to trial within seventy days of either the defendant's first appearance before a judicial officer or the filing of an indictment, whichever is later. 18 U.S.C. § 3161(c)(1) (2000). The Act further provides that the judge may exclude time from Speedy Trial Act calculations upon a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). One factor that may be taken into account in making this finding is whether "[a] case is so unusual or complex, due to the number of defendants[ or] the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [in the Act]." 18 U.S.C. § 3161(h)(8)(B)(ii).

or complex," especially in light of the number of defendants and the extensive and wide-ranging ongoing investigation which led to these indictments, "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [in the Speedy Trial Act]." 18 U.S.C. § 3161(h)(8)(B)(ii). Accordingly, it is hereby

**ORDERED** that the government's motion for exclusion of time is GRANTED. The time period between September 29, 2006, and March 29, 2007, is excluded from Speedy Trial Act calculations.

**SO ORDERED** this 27th day of October, 2006.

REGGIE B. WALTON
United States District Judge