UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> DARNELL JACKSON, et at. : <br> (TINESHA ADAMS) : <br> : | Criminal No. 06-227(4) <br><br> (Walton) |

**DEFENDANT'S REPLY**
**APPLICATION FOR REVIEW AND**
**MODIFICATION OF RELEASE ORDER**

Defendant Tinesha Adams, through undersigned counsel, notes the following corrections to the government's response to Ms. Adams' bond review motion.

1. In this case, Ms. Adams was one of 14 persons indicted on approximately July 27, 2006, for conspiracy to distribute phencyclidine, and related charges. The government complains that it was unable to locate Ms. Adams from July 27, 2006, until mid-January, 2007.

Defense noted that Ms. Adams made two separate, pre-scheduled court appearances in California in August, 2006. Ms. Adams' California case had been pending for more than a year when it was dismissed on August 15, 2006. The government, while admitting that the California case was dismissed, complained in its response that Ms. Adams had a bench warrant in that case at one point. The

1

government failed to mention that the bench warrant was cleared, Ms. Adams' bond was re-instated, and Ms. Adams was never charged with failure to appear in court.

The government also claims that it does not know whether Ms. Adams made her California court appearances on August, 1 and August 15, 2006, after the District of Columbia indictment had been returned. The government could discern, from the same court records in which the bench warrant was recorded, that Ms. Adams was "present in court" on August 1, 2006, and August 15, 2006.

Finally, the government complains that Ms. Adams was not arrested at her August, 2006, court appearances because the California court would not have known about the sealed warrant. Of course not. The people assigned to arrest Ms. Adams knew about it, though, and had clearly researched Ms. Adams' criminal records. They just did not bother to arrest her after the indictment was returned. Defense cannot say whether this was due to incompetence or design, but it was certainly not because Ms. Adams was in hiding.

2.  As stated in its motion, a horde of officers arrested Ms. Adams while she was with her 4-year old daughter, in front of her daughter's day care center, having just picked up her daughter at the center.

Again, the government purposely misses the point in its responsive pleading. No one from the government has acknowledged the exceptionately poor judgment used in making the arrest. First, regardless whether an arrest in front

of a day care center was actually necessary, or whether another adult was present with Ms. Adams, the officers should have arrested Ms. Adams BEFORE she entered the center, so that the little girl would not be traumatized to see her mother handcuffed and surrounded by police.

Second, in fact, Ms. Adams was the only adult with her daughter when the police stopped Ms. Adams. Another person came by after Ms. Adams' had been arrested, and took custody of her traumatized daughter.

3. The government made a gratuitous comment regarding Ms. Adams' personal medical condition in a footnote. This is irrelevant, other than to attempt to degrade Ms. Adams.

4. If released, Ms. Adams would follow all conditions required by the Court.

Respectfully submitted,

_____
Joanne D. Slaight, #332866
717 5th St, N.W.
Washington, DC  20001
Phone (202) 408-2041
Counsel for Tinesha Adams