UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 06-227(4) |
| v. : | |
| : | (Walton) |
| DARNELL JACKSON, et al. : | |
| (TINESHA ADAMS) : | |

**DEFENDANT ADAMS' MOTION TO SUPPRESS EVIDENCE AND STATEMENTS
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Defendant Tinesha Adams, through undersigned counsel, respectfully moves this Court to suppress as evidence against her any and all evidence and statements obtained as a result of her unlawful seizure and questioning by law enforcement officers on about May 23, 2006. To the extent government plans to introduce any statements of Ms. Adams at her arrest on approximately January 17, 2007, the defense also moves to suppress those statements.

As grounds for this motion, defendant states the following:

1. On May 23, 2006, in the early morning hours, Ms. Adams is alleged to have been at the luggage area at Dulles International Airport.

2. FBI agents, who did not have a warrant, seized Ms. Adams, pretending they suspected a terrorist threat. They asked her questions, and insisted on looking

1

through baggage which they attributed to her. After confiscating the containers in the bag, they released her. The government alleges that the bottles contained phencycdine (pcp).

(If the government plans to introduce any statements of Ms. Adams on her arrest on approximately January 17, 2007, those statements were made involuntarily, and without informing Ms. Adams of her rights as required under Miranda v. Arizona, 384 U.S. 436 (1966).

4. Warrantless arrests and searches are unreasonable under the Fourth Amendment unless they fall within one of a few, carefully delineated exceptions. Katz v. United States, 389 U.S. 347, 357 (1967). Matter of B.K.C., 413 A.2d 894, 902 (D.C. Ct. App. 1980).

The evidence at the hearing will show that at the time of the initial police seizure of Ms. Adams, they had no warrant for Ms. Adams' arrest. Therefore, any evidence or statements obtained pursuant to their illegal seizure should be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

5. The evidence at the hearing will also show that the police had no valid reason to accost Ms. Adams. At the time the police searched Ms. Adams they lacked adequate justification to seize and search her. Terry v. Ohio, 393 U.S. 1 (1968). Any evidence obtained pursuant to the illegal stop, arrest and search should be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

6. Statements made by exploiting an illegal arrest are inadmissible. See

Brown v. Illinois, 422 U.S. 590, (1975) (statement made by defendant less than two hours after him illegal arrest inadmissible, even though statement preceded by Miranda warnings).  Here, the police followed up their illegal seizure with questions designed to incriminate the defendant.

    7.    The statements made by Ms. Adams should also be suppressed because they were elicited in violation of the requirements of Miranda v. Arizona, 384 U.S. 436 (1966).  Circumstances which will show that Ms. Adams did not knowingly and intelligently waive her rights include her lack of familiarity with her rights, and the intimidating conditions surrounding her seizure and subsequent questioning by police officers.

    8.    Any statements allegedly made by Ms. Adams should also be suppressed because they were made involuntarily.  The burden is on the government to demonstrate that any statements were voluntarily made by the defendant.  Lego v. Twomey, 404 U.S. 477 (1972).  The court must consider the totality of the circumstances surrounding a confession to determine voluntariness.  Clewis v. Texas, 386 U.S. 707 (1967).  The confession is not admissible unless is "the product of an essentially free and unconstrained choice by its maker." Columbe v. Connecticut, 367 U.S. 568, 602 (1961) (plurality opinion), approved in Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973).  The circumstances here  that will demonstrate that the government will not be able to carry its burden include the timing and location of the questioning.

WHEREFORE, for these and such other reasons as may be advanced at a hearing on this motion, the defendant respectfully requests that the evidence and statements be suppressed. A hearing on this motion is respectfully requested.

Respectfully submitted,

_____
Joanne D. Slaight, #332866
717 5th Street, N.W.
Washington, DC  20001
Phone (202) 408-2041