UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 06-227(4) |
| v. : | |
| : | (Walton) |
| DARNELL JACKSON, et al. : | |
| (TINESHA ADAMS) : | |

**DEFENDANT ADAMS'**
**MOTION FOR PRELIMINARY DETERMINATION OF CONSPIRACY**
**AND PRETRIAL RULING ON ADMISSIBILITY OF CO-CONSPIRATOR'S STATEMENTS**
<u>**WITH MEMORANDUM IN SUPPORT THEREOF**</u>

Pursuant to Federal Rules of Evidence 801(d)(2)(E), defendant Tinesha Adams, through undersigned counsel, respectfully moves this court for a pretrial hearing to determine the existence of a conspiracy and to determine the admissibility of statements of alleged co-conspirators.

In support of this motion Mr. Bailey states the following:

1.   Ms. Adams was one of 14 persons indicted for conspiracy to distribute phencyclidine, and related charges between September, 2005, and July 27, 2006.[1]

---

[1]  In the event that the court makes a preliminary determination, pursuant to this motion, that there is no evidence of a conspiracy, or that a conspiracy did not begin until after any of the incidents alleged in the indictment, the defendant would move to sever the counts relating to incidents which are not included in the (continued...)

2. Rule 104 of the Federal Rules of Evidence (FRE) provides that the trial court shall make preliminary determinations on the admissibility of evidence. The government may seek to introduce substantial evidence of statements by the alleged co-conspirators. In order for the co-conspirator's statements to be admissible against Ms. Adams, pursuant to Rule 801(d)(2)(E), the Court must first make a preliminary determination that a conspiracy exists and that the statements are otherwise admissible.

3. Prior to the admission of statements by alleged co-conspirators, pursuant to FRE 801(d)(2)(E), the Court must find that: "(1) a conspiracy existed,[2] (2) the co-conspirator and the defendant against whom the statements are offered were members of the conspiracy, and (3) the statements were made in furtherance of the conspiracy." United States v. Gantt, 1909 U.S. App. D.C. 249, 617 F.2d 831, 844 (1980); FRE 801(d)(2)(E). The trial court's findings must be supported by substantial evidence independent of the hearsay statements themselves. Id. See also United States v. Weisz, 231 U.S. App. D.C. 1, 718 F.2d 413, 433 (1983).

4. The Rule 801(d)(2)(E) inquiry is a preliminary question of admissibility under FRE 104(a). It is within the court's discretion to choose the procedure for determining the admissibility of statements pursuant to FRE 801(d)(2)(E). However,

---

(...continued)
conspiracy.

[2] If a conspiracy is found to exist, the precise parameters of that conspiracy must be established before any further determinations are made.

"... the better practice is for the Court to determine before the hearsay evidence is admitted that evidence independent of the hearsay testimony proves the existence of the conspiracy sufficiently to justify admission of the hearsay declarations." United States v. Jackson, 201 U.S. App. D.C. 212, 232, 627 F.2d 1198, 1218 (1980); United States v. James, 590 F.2d 575, 582 (5th Cir. 1979); Bourjaily v. United States, 483 U.S. 171, 180 (1987)(Court condones pretrial ruling on coconspirators statement).

5. The defendant submits that a Rule 104(a) pretrial hearing procedure should be employed in this case. Otherwise, the defendant may suffer extreme prejudice. It is unlikely that curative instruction will redress the harm.

For the reasons stated above, the defendant respectfully requests that the above motion be granted and that this Court grant any further relief it deems appropriate.

Respectfully submitted,

_____
Joanne D. Slaight, #332866
717 5th St, N.W.
Washington, DC  20001
Phone (202) 408-2041