UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARNELL JACKSON, et al.<br>(TINESHA ADAMS) | Criminal No. 06-227(4)<br><br>(Walton) |

**DEFENDANT ADAMS' MOTION TO SEVER DEFENDANTS
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Defendant Tinesha Adams, through undersigned counsel, respectfully moves this Court to sever the trial from her codefendants pursuant to Criminal Rules 8 and 14.

As grounds for this motion defendant states the following:

1. Ms. Adams is one of fourteen codefendants charged with conspiracy to distribute and possess with intent to distribute phencyclidine, and related charges. Ms. Adams is charged only in count one, the conspiracy charge.

2. Ms. Adams has been grouped for trial with six other defendants: Troy Hopkins, Tony Hilt, Lawrence Bryant, John Downs and Bernie Hargrove. In contrast to these defendants, Ms. Adams is not charged with individual or wholesale distribution. She is charged only as a courier - someone who transferred the drugs on orders of other persons.

3. The evidence against Ms. Adams alone is dramatically less than that against the codefendants. Where the evidence against a defendant is substantially less than that against his codefendant, severance is required. See

United States v. Mardian, 178 U.S. App. D.C. 207, 546 F.2d 973 (1976)(disproportionate weight of evidence against codefendant a factor in mandating severance); United States v. Sampol, 204 U.S. App. D.C. 349 (1980)(per curiam)(disparity in weight of evidence a factor requiring severance of defendant's case from that of codefendant); United States v. Gambrill, 146 U.S. App. D.C. 72, 83 (1971)(disparate quantity of evidence against each of two codefendants may require severance).

Here, the minimal lack of evidence of against Ms. Adams in relation to the evidence against the codefendants requires severance of her case from the codefendant.

4. The defenses may also be mutually inconsistent, requiring severance. Where there is a substantial contradiction between codefendants' defenses, and that contradiction alone creates a danger that the jury will draw an improper conclusion that the conflict alone that both defendants are guilty, severance must be granted. See Rhone v. United States, 125 U.S. App. D.C. 47, 48, 365 F.2d 980, 981 (1966).

WHEREFORE, for these and such other reasons as may be advanced at a hearing on this motion, the defendant respectfully requests that this motion be granted.

Respectfully submitted,

_____
Joanne D. Slaight, #332866
717 5th Street, N.W.
Washington, DC 20001
Phone (202) 408-2041