UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal No. 06-227(4) |
| : | (Walton) |
| DARNELL JACKSON, et al. : | |
| (TINESHA ADAMS) : | |

**DEFENDANT ADAMS' MOTION FOR BILL OF PARTICULARS
AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Defendant Tinesha Adams, through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Criminal Procedure 7, for a Bill of Particulars regarding counts of the indictment as detailed below, paragraph 3.

As grounds for this Motion, defendant states the following:

1. Tinesha Adams was one of 14 persons indicted for conspiracy to distribute phencyclidine, and related charges between September, 2005, and July 27, 2006.

2. The conspiracy count (count one) is the only count in the indictment in which Ms. Adams is charged.

3. The particulars below are not included in the indictment, and are required by Ms. Adams to adequately prepare a defense:

- the date, time and place when Ms. Adams first participated in any overt act in support or furtherance of the conspiracy;
- dates, times and places when Ms. Adams engaged in any other overt act(s) in support of the conspiracy;
- nature of any acts or statements by Ms. Adams in furtherance

1

- of the conspiracy, including name, address and phone number of each person present during such act;
- the exact date, time and place where the conspiracy began, including name, address and phone number of all persons present at that time;
- the exact date, time and place where Ms. Adams joined in the conspiracy, including name address and phone number of persons present;
- date and location of each overt act in the conspiracy, including name, address and phone number of all persons present for each act;
- name, address and phone number of each person having knowledge that defendant "conspired" in this case;
- name, address, and phone number of each co-conspirator, date that each person joined or left the conspiracy, and each coconspirator's participation;
- identity of all "persons known" and persons "unknown" alleged as part of the conspiracy in the indictment;

8.  The Federal Rules of Criminal Procedure 7(f) provides:

> " The Court may direct the filing of Bill of Particulars. A Motion for a Bill of Particulars may be made before arraignment or within ten (10) days after arraignment or at such later time as the Court may permit."

Federal R. Crim. P. 7(f) gives the Court broad discretion to direct the filing of a Bill of Particulars. <u>United States v. Ramirez</u>, 54 F. Supp. 2d 25, 29, (D.D.C.

1999)(PLF).  Courts should grant a motion for a Bill of Particulars when "necessary to prevent unfair surprise at trial."  Id. (Citing United States v. Butler, 822 F.2d 1191, 1192-93 (D.C. Cir. 1987)(additional citations omitted)).  A Bill of Particulars "properly includes clarification of the indictment[.]" Ramirez, 54 F. Supp. 2d at 30.

Where, as here, a conspiracy is charged, courts routinely require the government to reveal the identity of coconspirators.  See Ramirez, 54 F. Supp. 2d at 30 (in drug conspiracy, court required bill of particulars "setting forth the names of all persons the government would claim at trial were coconspirators (whether or not they will be called as trial witnesses)").

9.     A Bill of Particulars provides the defendant details of the charges necessary to prepare a defense, to avoid prejudicial surprise at trial and to protect against a second prosecution based upon the same facts. United States v. Chavez, 845 F.2d 219, 220 (9th Cir. 1988); Kreck v. Spaulding, 721 F.2d 1229, 1232 (9th Cir. 1983); United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979).

Because a Bill of Particulars is founded on the Sixth Amendment right to defend, doubt must be resolved in favor of disclosure.  Otherwise, prejudice would result.  Prejudice in this context is defined in terms of the impairment of the defendant to intelligently and effectively mount a defense. See, e.g., United States v. Valenzuela–Bernal, 102 S.Ct. 3440 (1982).  When a charging document lacks sufficient particularity to allow a defendant to prepare a defense, the defendant's ability to confront adverse witnesses and to use compulsory process is seriously inhibited.  Her right to due process thus is clearly implicated.

WHEREFORE, for these and such other reasons as may be advanced at a hearing on this motion, the defendant respectfully requests that the government particularize these charges as delineated in paragraph 3, above, and that this Court grant any further relief it deems appropriate.

Respectfully submitted,

_____

Joanne D. Slaight, #332866
717 5th St, N.W.
Washington, DC  20001
Phone (202) 408-2041